# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **[1] AVR,** *a permanently disabled child with spina bifida and hydrocephalus* | |
| **[2] WIDALLYS RIVERA QUIÑONES,** *solely on behalf of her minor child, A.V.R.* | **CIVIL NO. 16-2625(PAD)** |
| **Plaintiffs** | |
| **v.** | |
| **[1] LIBRERÍA REGIONAL: LA CASA DEL MAESTRO Y EL ESTUDIANTE, INC.** | |
| **[2] CITY OF BAYAMÓN** | |
| **[3] COMMONWEALTH OF PUERTO RICO** | |
| **[4] BEAUTY SOLUTIONS BEAUTY SUPPLIES** | |
| **[5] CHEGÜIS PUB** | |
| **[6] LIBRERÍA EL REGIONAL** | |
| **[7] INSTITUTO DE TERAPIA INTEGRAL** | |
| **[8] H&R BLOCK** | |
| **[9] EXPRESO CASH SERVICE, INC.** | |
| **[10] TU GAS** | |
| **[11] AUROFA TIRE CENTER** | |
| **[12] LABORATORIO LOMAS VERDES** | |
| **Defendants.** | |

## MOTION TO DISMISS THE AMENDED COMPLAINT
## PURSUANT TO FED.R.CIV.P. 12(b)(7)

**TO THE HONORABLE COURT:**

**COMES NOW** Defendant Municipality of Bayamón, without submitting to the Court's jurisdiction and through the undersigned counsels, and very respectfully moves this Honorable Court to dismiss the Amended Complaint.  In so doing, it respectfully avers and prays as follows:

### *Brief Introduction and Procedural Background*

On September 11, 2016, Plaintiffs filed the original Complaint in this case against then sole Defendant, Librería Regional: La Casa del Maestro y el Estudiante. *See*: Docket No. 1. On November 23, 2016, Defendant Librería Regional: La Casa del Maestro y el Estudiante filed a Motion to Inform Bankruptcy Filing and Request to Stay the Proceedings. *See*: Docket No. 4. Accordingly, on December 6, 2016, the Court stayed the proceedings. *See*: Docket No. 5.

On March 3, 2017, Plaintiffs filed an Amended Complaint as a Matter of Course Pursuant to Fed.R.Civ.P. 15 to include eleven (11) more Defendants, including the appearing Defendant Municipality of Bayamón.  *See*: Docket No. 9. The Municipality of Bayamón received service of process on May 11, 2017.  See: Docket No. 15.  Accordingly, on May 30, 2017, the Municipality of Bayamón requested a thirty (30) day extension to answer the Amended Complaint or otherwise plead.  *See*: Docket No. 25.  The Court granted the Municipality of Bayamón until June 29, 2017 to answer the Amended Complaint or otherwise plead.  *See*: Docket No. 30.

After a review of the allegations contained in the Amended Complaint, it is apparent that Plaintiffs failed to join several indispensable parties.  Therefore, pursuant to Fed.R.Civ.P. 12(b)(7), appearing Defendant respectfully request that this Honorable Court dismiss Plaintiffs' Amended Complaint.

### *Summary of the Amended Complaint*

The Amended Complaint states, in general terms, that Plaintiff A.V.R. is a minor with disabilities who was allegedly discriminated against "at the buildings, structures, facilities, complex, properties, lands, developments, and/or surroundings business complex" that are part of the north sidewalk of the Laurel Avenue, from the Corner of Bellisima Street to the corner of Nogal Street.  *See*: Docket No. 9, at ¶1.  Accordingly, Plaintiffs seek injunctive and declaratory relief, attorneys' fees and costs pursuant to the American with Disabilities Act of 1990 ("ADA"). *See*: Docket No. 9, at ¶2.

Specifically, it was alleged that Plaintiff A.V.R.'s mother drives him to school every day and that she is aware of barriers in the sidewalks and parking spaces that interfere with and/or denies the use and enjoy of the sidewalk or the good and services offered in the facilities in the area.  *See*: Docket No. 9, at ¶9.  Plaintiffs alleged that: the sidewalk does not comply with the required width and surface texture; the sidewalk does not meet the slope and curb ramp requirements; that there are obstructions in the sidewalk, such as electric/telephone/utilities poles, motor vehicles, walls, and infrastructure for advertisement.  *See*: Docket No. 9, at ¶10.

By way of remedy, Plaintiffs seek: (1) a declaratory judgment that Defendants are in violation of the specific requirements of Title II and III of the ADA; (2) a permanent injunction pursuant to 42 U.S.C. §12188(a)(2) and 28 CFR §36.504(a) directing Defendants to "take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA"; (3) payment of costs; (4) payment of reasonable attorneys' fees; and, (5) any other relief the Court deems just.  *See*: Docket No. 9, at pages 19 and 20.

### *Standard of Review*

It is black letter law that Plaintiffs' failure to include necessary parties to the action under

Fed.R.Civ.P. 19 suffices to dismiss the pending claim under Fed.R.Civ.P. 12(b)(7).   To that

effect, Fed.R.Civ.P. 19 provides:

(a) Persons Required to Be Joined if Feasible.
    (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
        (A) in that person's absence, the court cannot accord complete relief among existing parties; or
        (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
            (i) as a practical matter impair or impede the person's ability to protect the interest; or
            (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
    (2) *Joinder by Court Order.* If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
    (3) *Venue.* If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

(b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
    (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
    (2) the extent to which any prejudice could be lessened or avoided by:
        (A) protective provisions in the judgment;
        (B) shaping the relief; or
        (C) other measures;
    (3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

(c) Pleading the Reasons for Nonjoinder. When asserting a claim for relief, a party must state:
(1) the name, if known, of any person who is required to be joined if feasible but is not joined; and
(2) the reasons for not joining that person.

(d) Exception for Class Actions. This rule is subject to Rule 23.

When facing a motion under Fed.R.Civ.P. 12(b)(7), the Court must assess the three (3) components of Fed.R.Civ.P. 19(a) to determine whether an absent party is required. The first component asks whether the court can afford complete relief in the absence of the non- party. *See*: Fed. R. Civ. P. 19(a)(1)(A); *School Dist. of Pontiac v. Secretary of the US Dept. of Educ.*, 584 F3d 253, 265 (6th Cir. 2009); *Federal Ins. Co. v. SafeNet, Inc.*, 758 F.Supp.2d 251, 257 (S.D.N.Y. 2010) (citing *MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006)). To be complete, the relief does not have to align exactly with the remedy sought by the Plaintiff, but the relief must meaningfully resolve the contested matter between the affected parties. *See*: *Watchtower Bible & Tract Society v. Municipality of San Juan*, 773 F.3d 1, 13 (1st Cir. 2014).

The second component focuses on whether the non-party's absence will impair or impede its ability to protect its interests. *See*: Fed. R. Civ. P. 19(a)(1)(B)(i); *Federal Ins. Co.*, 758 F.Supp.2d at 257-58 (citing *MasterCard*, 471 F.3d 377, 386-87). The Defendant can argue that the absent party's interests are not adequately protected because: (1) the interests of an existing party are not such that would make the absent party's argument; (2) an existing party is not capable or willing to make the absent party's argument; or (3) the absent party would offer a necessary element to the proceeding that the existing parties do not. *See*: *Salt River Project Agric. Improv. & Power Dist. V. Lee*, 672 F.3d. 1176, 1180 (9th Cir. 2012).

The third component asks whether the existing parties would be subject to "double, multiple, or otherwise inconsistent obligations." *See*: Fed. R. Civ. P. 19 (a)(1)(B)(ii). If any of the three components are satisfied, the absentee party constitutes a required party. *See*: *Federal Ins. Co.*, 758 F.Supp.2d at 257.

If a party held to be necessary has not been joined, the court "must" order that the person be made a party. *See*: Fed. R. Civ. P. 19(a)(2); *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 725 (2d Cir. 2000). In the event that joinder is not feasible, the court proceeds to consider "whether "in equity and good conscience," the action should proceed with the existing parties, or be dismissed. *See*: Fed. R. Civ. P. 19(b). The entire inquiry entails "pragmatic judgments," taking into account the "particular circumstances of the case." *See*: *Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 14 (1st Cir. 2008) (quoting *Pujol v. Shearson/Am. Express, Inc.*, 877 F.2d 132, 134 (1st Cir. 1989)).

In undertaking the analysis, the courts must be mindful of the policies underlying Rule 19, "including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them." *See*: *Picciotto*, 512 F.3d at 15-16 (quoting *Acton Co. v. Bachman Foods, Inc.*, 668 F.2d 76, 78 (1st Cir.1982)).

### Argument

#### A.  *Parties that were not Joined*

"As with Rule 12(b)(6) motions, a court must accept the allegations contained in the plaintiff's complaint as true for the purpose of the Rule 12(b)(7) inquiry." *See*: *McCaskill v.*

*Gallaudet Univ.*, 36 F.Supp.3d 145, 151 (D.D.C.2014); *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n. 2 (7th Cir.2001) (noting that "[f]or purposes of a motion to dismiss for failure to join a party under Rule 19, we accept the allegations in the complaint as true"). However, "a court is 'not limited to the pleadings' and may consider 'other relevant extra-pleading evidence.'" *See*: *Delangis*, No. 14–cv–10689–GAO, 2015 WL 1137819, at *2 (D.Mass. Mar. 13, 2015) (citing *Axis Ins. Co. v. Hall*, 287 F.R.D. 110, 113 (D.Me.2012)); *Emerald Casino*, 268 F.3d at 480 n. 4 (stating that "[i]n ruling on a dismissal for lack of joinder of an indispensable party, a court may go outside the pleadings and look to extrinsic evidence"); *J & J Sports Prods. Inc. v. Cela*, 139 F. Supp. 3d 495, 499 (D. Mass. 2015).

Plaintiffs specifically alleged in the Amended Complaint that the sidewalk in controversy in this case does not comply with ADA because of obstructions, such as electric/telephone/utility poles, walls and infrastructure for advertisement, both movable and fixed property. *See*: Docket No. 9, at ¶10(e).

However, Plaintiffs failed to join the Puerto Rico Electric Power Authority ("PREPA") as part of the Amended Complaint. PREPA is a public corporation separate from the Commonwealth of Puerto Rico. *See*: 22 L.P.R.A. §193(b). PREPA owns the infrastructure for the distribution of electric power and for public lighting in Puerto Rico, including the poles located in sidewalks. *See*: 22 L.P.R.A. §1051a (q), (ii), and (pp). In fact, PREPA is empowered to have "full control and intervention over any enterprise that acquires or builds, including the power to determine the nature and necessity of all expenditures and how they should be incurred, authorized and paid". *See*: 22 L.P.R.A. §196(d). For the purpose of PREPA's Enabling Act, enterprise means "any of the following or a combination of two or more of them [...], namely: works, installations, structures, irrigation, electricity, heating, lighting, power or equipment, with

all its parts and belongings, and land and rights over land, rights and privileges in relation thereto, and any and all other property or services deemed by the Authority to be necessary, incidental or consequential, in connection with its activities, including, but not limited to, hydroelectric and irrigation supply and distribution systems, power plants to generate centrally or distributed electricity by hydraulic power, or by any other means, including steam and renewable energy sources, and stations, marshes, dams, canals, tunnels, conduits, transmission and distribution lines, other necessary and useful facilities or accessories used for the production, diversion, abstraction, storage, conservation, use, transportation, distribution, sale, exchange, delivery or any other provision of electrical energy, electrical equipment, supply, services and other activities in which the Authority wishes to be interested or is interested in achieving its purposes." *See*: 22 L.P.R.A. §192(g).

Plaintiffs also failed to join the legal owners of the telephone and/or utility poles mentioned in the Amended Complaint, as well as the owners of the infrastructure for advertisement and walls. Those individuals and/or companies are the only ones authorized to take any action regarding those obstructions.

B. *Complete Relief*

As stated before, Plaintiffs requested a permanent injunction pursuant to 42 U.S.C. §12188(a)(2) and 28 CFR §36.504(a) directing Defendants to "take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA". For the Court to be able to issue such a relief – if warranted – as well as any other relief that can "meaningfully resolve the contested matter between the affected parties", it has to acquire jurisdiction over and be able to order the legal owners of the electric/telephone/utility poles, the walls and the advertisement infrastructure to perform any

repair, alteration, or modification needed – if any – to comply with ADA.

The Municipality of Bayamón (or any of the named Defendants) does not have authority to modify, repair and/or alter any facility property of a third party.  In fact, none of the named Defendants is the owner of the electric/telephone/utility poles and, presumably of any of the advertisement infrastructure and/or walls mentioned in the Amended Complaint.

C.  _Non-parties' Ability to Protect Their Interests_

Based on the Plaintiffs' own allegations at paragraph 10 of the Amended Complaint, one of the reasons for the alleged non-compliance with ADA is the obstructions in the sidewalk caused by poles, walls and/or advertisement infrastructure.  The appearing Defendant is in no position to protect the interests of the owners of said poles and infrastructure, nor has the authority to do so.  In fat, the interests of the owners of said structures may very well be against the interests of the Municipality of Bayamón or those of the other Defendants.

In addition, the owners of said structures may provide insight as to the actual compliance with the ADA or the feasibility of any repairs, modifications, or alterations that the other Defendants are not able to provide.

### _Conclusion_

Based on the foregoing, the appearance of PREPA, as well as the owners of any other structure located in the sidewalk in controversy, is necessary in order for the Court to be able to provide a complete remedy to the Plaintiffs.  Moreover, none of the named Defendants in the Amended Complaint can adequately protect the interests of the absent parties nor can they provide information as to the actual compliance with the ADA and/or the feasibility of any repair, modification, or alteration that the Court may be inclined to order, if any.  Accordingly, Plaintiff's failure to join PREPA and the owners of any other structure located in the sidewalk in

controversy is fatal.   Based on the preceding analysis and discussion, Plaintiff's Amended

Complaint should be **DISMISSED WITH PREJUDICE** pursuant to Fed.R.Civ.P 12(b)(7).


      **WHEREFORE,** the appearing Defendant respectfully move this Court to Dismiss with

prejudice the above captioned Amended Complaint.

      **IT HEREBY CERTIFIED** that on this same day a true and exact copy of the foregoing

has been filed electronically with the Clerk of the Court via CM/ECF System, which will

simultaneously serve notice on all counsel of record, to their registered e-mail addresses.

      In Guaynabo, Puerto Rico, this 29th day of June, 2017.

      **Aldarondo & López Bras, P.S.C.**
ALB Plaza, 16, Suite 400
P.R. Road 199
Guaynabo, Puerto Rico 00969
Tel. No. (787) 474-5447
Fax. No. (787) 474-5451

***s/ Iván m. Castro-Ortiz***
Iván m. Castro-Ortiz
USDCPR No. 214703
Email: icastro@alblegal.net

***s/ Sheila Torres-Delgado***
Sheila Torres-Delgado
USDCPR No. 222706
Email: storres@alblegal.net